OPINION OF THE COURT
CHAGARES, Circuit Judge.
Barbara Kanoff appeals from the District Court’s order denying her motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii). We will affirm.
I.
Because we write solely for the benefit of the parties, we will only briefly recite the essential facts.
Kanoff filed a complaint against Better Life Renting Corp. (“Better Life”). Better Life filed a motion to dismiss. On February 14, 2008, 2008 WL 442145, the District Court entered an order granting the motion.
Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), Kanoff had until March 17, 2008 to file a notice of appeal with the District Court. The local rules required that such notices be electronically filed. Kanoffs counsel attempted to file the notice in hardcopy form on March 11, 2008. The Clerk’s Office received the hardcopy notice, but not until March 26, 2008, because Kanoffs secretary had included the wrong address on the envelope she mailed that contained the hardcopy notice. The Clerk docketed the notice and deemed it filed on March 26, 2008, but by that time, the notice was no longer timely.
On March 31, 2008, counsel filed a motion to extend the time to appeal pursuant to Rule 4(a)(5)(A)(ii). He argued that his failure to file the notice of appeal electronically constituted “excusable neglect” within the meaning of that rule because he did not know that notices of appeal must be electronically filed. The District Court held that counsel’s lack of knowledge of proper filing procedures did not constitute “excusable neglect” and denied the motion.
The District Court observed that the delay did not greatly prejudice Better Life, but held that “[fjault in the delay remains an important factor — perhaps the most important single factor — in determin *657 ing whether neglect is excusable.” Appendix (“App.”) at 3 (citing City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1046 (10th Cir.1994)). The District Court held that, in light of the fact that the electronic filing requirement was made publicly available via inclusion in District of New Jersey Local Civil Rules and was the subject of a District of New Jersey Standing Order, counsel’s fault in failing to follow established filing requirements outweighed the absence of prejudice (as well as other countervailing factors) and therefore that counsel’s neglect was not “excusable” within the meaning of Rule 4(a)(5)(A)(ii).
Kanoff then filed this appeal.
II.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and we have jurisdiction pursuant to § 1291. We review the District Court’s ruling that counsel’s neglect that caused the notice of appeal not to be timely filed was not “excusable” within the meaning of Rule 4(a)(5)(A)(ii) for abuse of discretion. Consol. Freightways, 827 F.2d at 918.
Rule 4(a)(1)(A) provides that a party has 10 days in which to file a notice of an appeal from a District Court order. Rule 4(a)(5)(A)(ii), however, allows a district court to extend that time if “that party shows excusable neglect....”[1] The Supreme Court has explained that determining whether neglect is “excusable” requires weighing a number of factors, including “the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.” Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P’ship, 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). These factors, however, do not establish a mathematical formula; “the determination is at bottom an equitable one----” Id. at 395, 113 S.Ct. 1489.[2] Though no one factor is dispositive, “inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute ‘excusable’ neglect....” Id. at 392, 113 S.Ct. 1489. To summarize, “excusable neglect” describes situations “where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved.” Consol. Freightways, 827 F.2d at 920.
The District Court did not abuse its considerable discretion in ruling that coun *658 sel’s failure to file the notice of appeal electronically was not an instance of “excusable neglect” within the meaning of Rule 4(a)(5) (A) (ii).
First, the electronic filing was incorporated into at least two authorities that govern attorneys practicing in the District of New Jersey: Standing Order 05-1 and Local Civil Rule 5.2. Second, this requirement did not come into existence weeks or even months before counsel had the occasion to file the notice of appeal that is the subject of this case. It existed at least as early as January 81, 2005 — more than three years before the District Order issued the order Kanoff attempted to appeal. See Standing Order 05-1. Third, even if counsel did not know that notices of appeal need to be electronically filed, he knew as early as May 21, 2007 that some documents which before could be filed in hardcopy had to be filed electronically. See App. 11 (District Court docket sheet reflecting warning to counsel that “[cjivil initial pleadings” must be filed electronically).
Kanoffs reliance on Consolidated Freightways is misplaced. He correctly points out that in Consolidated Freight-ways, we held that merely failing to address an envelope correctly constituted “excusable neglect” within the meaning of Rule 4(a)(5)(A)(ii). He then argues that, had his secretary correctly addressed the envelope containing Kanoffs notice of appeal, the Clerk’s Office would have received it and docketed it by March 17, 2008 (the timeliness cut-off date). This argument is unavailing. In Consolidated Freightways, mailing a correctly-addressed envelope constituted complying with proper procedure. Had the Clerk there received the hardcopy notice of appeal in a timely fashion, the Clerk would have been obligated to docket that notice. Here, by contrast, mailing a correctly-addressed envelope still would have violated the District Court’s directive that notices of appeal must be filed electronically. There is nothing in the record to suggest that the Clerk would have docketed the non-compliant notice, even had it been timely received.
Put simply, this was not a case where “as the result of some minor neglect, compliance was not achieved.” Consol. Freightways, 827 F.2d at 920. Compliance was not achieved because counsel failed to educate himself about a sea change in filing requirements that had taken place more than three years before the relevant events of the instant case. The District Court acted within its discretion in declining to permit counsel to file a notice of appeal out of time.
III.
For the foregoing reasons, we will affirm the decision of the District Court.

. A district court also may extend the time in which to file a notice of appeal for "good cause," but the "good cause" prong is reserved for events over which the filing party has no control. See Fed. R.App. P. 4 Advisory Committee Notes ("The excusable neglect standard applies in situations in which there is fault.... The good cause standard applies in situations in which there is no fault — excusable or otherwise.”).

. Our Court, in a case pre-dating Pioneer Investment Services, recited a similar list:
whether the inadvertence reflects professional incompetence such as ignorance of the rules of procedure ...; [ ] whether the asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court ...; [ ] whether the tardiness results from counsel’s failure to provide for a readily foreseeable consequence ...; [ ] whether the inadvertence reflects a complete lack of diligence ...; or [ ] whether the court is satisfied that the inadvertence resulted despite counsel’s substantial good faith efforts toward compliance.
Consolidated Freightways Corp. of Del. v. Larson, 827 F.2d 916, 919 (3d Cir.1987).